OPINION
Following a hearing in March 1999, the trial court below found Frederick N. Wynn to be a "sexual predator," pursuant to R.C. Chapter 2950. Mr. Wynn had stipulated that the state's exhibits were sufficient upon which to base such a finding. However, he expressly reserved his right to challenge the constitutionality of the statute. Specifically, he challenges the constitutionality of the statute's community notification and registration provisions.
Mr. Wynn (hereinafter "appellant") has pursued a timely appeal, raising a single constitutional issue for our consideration:
 THE SEXUAL PREDATOR CLASSIFICATION, REGISTRATION, AND NOTIFICATION PROVISIONS OF R.C. CHAPTER 2950 ARE UNCONSTITUTIONAL SINCE THEY CONSTITUTE AN INVALID EXERCISE OF THE STATE'S POLICE POWER.
In contending that the sexual predator provisions of R.C. Chapter 2950 are unconstitutional as an "invalid exercise of the state's police power," appellant relies upon a Lake County Court of Appeals case, State v. Williams (Jan. 29, 1999), Lake App. No. 97-L-191, unreported, discretionary appeal allowed (1999), 86 Ohio St.3d 1406.
In State v. Lower (Sept. 9, 1999), Franklin App. No. 98AP-1275, unreported (1999 Opinions 3338), a decision rendered after the parties herein briefed the issue, a panel of this court declined to follow Williams', supra, expressly rejecting an identical argument. Because we deem Lower dispositive of the issue before us, we quote its analysis and rationale at length in rejecting Williams:
 In Williams, the [Eleventh District Court of Appeals] classified R.C. Chapter 2950 as an exercise of the state's police power, citing [State v. Cook (1998), 83 Ohio St.3d 404] at 417, and considered its constitutionality under the two-part test for the validity of police power legislation set forth in Benjamin v. Columbus (1957), 167 Ohio St. 103, paragraph five of the syllabus. Under Benjamin's test, an exercise of police power is valid if "it bears a real and substantial relation to the public health, safety, morals or general welfare of the public and if it is not unreasonable or arbitrary."
 The court in Williams acknowledges that language in Cook
supports a finding that R.C. Chapter 2950 meets the first prong of Benjamin and agrees with such a finding; however, the court found that Cook does not address the second prong of Benjamin. The court quotes the test for determining the reasonableness of police power legislation set forth in Froelich v. Cleveland (1919), 99 Ohio St. 376, paragraph three of the syllabus. In Froelich, the Supreme Court held that legislation is not unreasonable in the constitutional sense when the means adopted are suitable to the ends in view, are impartial in operation and not unduly oppressive, have a real and substantial relation to their purpose, and do not interfere with private rights beyond the necessities of the situation.
 Applying the test in Froelich, the court in Williams
found R.C. Chapter 2950 facially unconstitutional because it unreasonably interferes with rights of individuals beyond the necessities of the situation and is unduly oppressive. Regarding the notification requirements of R.C. 2950.11(B), the court found them unreasonable and an invalid exercise of the police power because they needlessly interfere with a sexual predator's rights under Section 1, Article I of the Ohio Constitution to privacy, acquire property, work, and a good name and reputation. In addition to finding the community notification provisions of R.C. Chapter 2950.11(B) an invalid exercise of the police power and, therefore, unconstitutional, the court also found the registration and notice provisions of R.C. 2950.11(A), 2950.06(B)(1), 2950.06(C), and 2950.07(C) unconstitutional. The court went on the conclude that the unconstitutional portions of R.C. Chapter 2950 are so connected with the general scope of the entire statute that the chapter, as applied to sexual predators, is void in its entirety. * * * [Id. at 3348-3349.]
This court, noting that the issue is currently pending before the Supreme Court of Ohio, went on to observe that no other appellate district in the state has followed the Eleventh District's holding in Williams.
Instead, in Lower, supra, this court followed the decision in State v. Dickens (Aug. 2, 1999), Clermont App. No. CA98-09-075, unreported, in which that court found that R.C. Chapter 2950 is not unreasonable under Froelich, supra, and that it satisfied the second prong of Benjamin, supra. In Lower, this court ultimately concluded:
 In Dickens, the court notes that, although Cook did not directly address this issue, language found in Cook is strongly suggestive that the statutes are a reasonable exercise of these powers and not in conflict with Section 1, Article I of the Ohio Constitution. Thus, in Dickens, the court found that the registration, verification, and the notification provisions of R.C. Chapter 2950 were not unconstitutional under Section 1, Article I of the Ohio Constitution.
 This court agrees with Dickens' finding that the provisions of R.C. Chapter 2950 are not unreasonable or arbitrary and are valid police power legislation. * * * [Id. at 3349-3350.]
For the reasons set forth above in Lower, and to provide the trial court with consistency from this court pending resolution of the issue by the Supreme Court, we overrule appellant's assignment of error.
Having overruled the assignment of error, the judgment of the trial court is affirmed.
Judgment affirmed.
LAZARUS, P.J., and KENNEDY, J., concur.